UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Julieth Mayerly DURAN ROMERO,<br><br>                                    Petitioner,<br><br>v.<br><br>Christopher J. LaROSE, et al.,<br><br>                                  Respondents. | Case No.: 25-cv-3567-AGS-VET<br><br>**ORDER REQUIRING RESPONSE** |

      Petitioner Julieth Duran Romero seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging her immigration detention. At this stage, she need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id*., Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

      Duran Romero alleges that she's been in immigration custody since "November 11, 2025," after originally being detained upon entry in "January 2023" and being released on "her own recognizance." (ECF 1, at 6.) She claims to be subject to "mandatory detention" and categorically ineligible for a "custody redetermination" under 8 U.S.C. § 1225(b). (ECF 1, at 4, 6.) This is because a Board of Immigration Appeals' opinion in "*Matter of Yajure Hurtado*" "affirm[ed] the government's new interpretation of § 1225" to apply to individuals in her circumstances. (ECF 1, at 5.) Petitioner challenges her detention under *Yajure Hurtado* and the government's allegedly new, broader interpretation of § 1225, claiming it "(a) disregards the plain meaning of section 1225(b)(2)(A); (b) disregards the relationship between sections 1225 and 1226; (c) would render a recent amendment to

1

section 1226(c) superfluous; and (d) is inconsistent with decades of prior statutory interpretation and practice." (ECF 1, at 5.)

This challenge is sufficient to warrant a response. Functionally identical cases across the country have been found to have a "likelihood of success on the merits" or have resulted in the writ being issued. *See, e.g.*, *Mosqueda v. Noem*, No. 5:25-cv-02304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025) ("[T]he Court concludes that petitioners are likely to succeed on the merits of their claims because section 1226(a), not section 1225(b)(2), likely governs their detention."); *Vazquez v. Feeley*, No. 2:25-cv-01542-RFB-EJY, 2025 WL 2676082, at *11 (D. Nev. Sept. 17, 2025) (same); *see also Rodriguez v. Bostock*, No. 3:25-cv-05240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025) (noting at the time "[e]very district court to address this question has concluded that the government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice."); *Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 (E.D. Va. Sept. 29, 2025) ("Petitioner's detention is governed by § 1226(a)'s discretionary framework, not § 1225(b)'s mandatory detention procedures, as at least thirty federal district courts around the country, including two in this Circuit, have concluded when faced with habeas petitions from comparably situated petitioners.").

By **December 30, 2025**, respondent must answer the petition. Any reply by petitioner must be filed by **January 8, 2026**. The Court will hold oral arguments on the petition on **January 14, 2026**, at **3:00 p.m.**

Dated: December 15, 2025

Hon. Andrew G. Schopler
United States District Judge